UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-5-RJC

| | |
|---|---|
| TERRY BOYD RHOLETTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 9), and Memorandum in Support (Doc. No. 10), and Defendant's Motion for Summary Judgment (Doc. No. 12) and Memorandum in Support (Doc. No. 13).

**I.      BACKGROUND**

   A.      Procedural Background

Plaintiff Terry Boyd Rholetter ("Plaintiff") seeks judicial review of the Commissioner's denial of his social security claim. (Doc. No. 1). Plaintiff protectively filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act") in September 2010, alleging that he had been disabled since May 5, 2010. (Tr. 14, 134-40, 166). Defendant Commissioner denied his application initially in February 2011, (Tr. 14, 85, 115-18), and upon reconsideration in September 2011. (Tr. 14, 98, 122-29). Plaintiff then received a hearing before an administrative law judge ("ALJ"), which was held on May 22, 2012. (Tr. 67-84). Plaintiff, who was represented by counsel (Tr. 67, 69), testified at the hearing (Tr. 70-79), as did a vocational expert ("VE"). On July 27, 2012, the ALJ issued a decision finding that

1

Plaintiff was not disabled from his alleged onset date, through the date of the ALJ's decision. (Tr. 38). The Appeals Council denied Plaintiff's request for review on December 20, 2013, thus making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5).

B.  Factual Background

The question before the ALJ was whether Plaintiff was disabled under Sections 216(i) and 223(d) of the Social Security Act. (Tr. 14). After reviewing all the evidence, the ALJ concluded that Plaintiff "has not been under a disability within the meaning of the Social Security Act from May 5, 2010, through the date of the decision." (Id.)

To determine whether a claimant is disabled, the SSA established a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v).

At step one, the ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2014, and that he had not engaged in substantial gainful activity since his alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had the following combination of severe impairments: below right knee amputation, coronary heart disease, lumbar compression deformity with loss of vertebral height, diverticulosis, and obesity. (Tr. 16-24). The ALJ found that the medical record showed Plaintiff's alleged learning disorder in reading and written expression (along with his alleged chronic obstructive pulmonary disorder) were non-severe impairments (Tr. 24-26), and that his alleged left lower leg pain was a non-medically determinable impairment. (Tr. 26-27).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings, specifically stating that he did not meet or equal Listings 1.05. (Tr. 27). The ALJ then determined that Plaintiff, despite his impairments, had the RFC "to perform light work as defined in 20 C.F.R. 404.1567(b)," except that he can only frequently kneel, stoop, climb stairs, crouch, and crawl; only occasionally balance and use right foot controls; never climb ladders or be exposed to unprotected heights, dangerous machinery, or concentrated exposure to fumes; and perform only simple, routine, repetitive tasks in jobs which can be performed by someone reading/writing at a first or second grade level. (Tr. 28). ALJ also found that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 28-33).

At step four, ALJ found that Plaintiff was unable to perform his past relevant, medium-exertional, semi-skilled work as a road truck driver or a delivery truck driver, because Plaintiff was limited to a range of light exertional work. (Tr. 37). Lastly, at step five, the ALJ determined that, in light of Plaintiff's RFC, age, education, and work experience, and based on the testimony

3

of the VE (Tr. 79-83), Plaintiff could perform jobs existing in significant numbers in the national economy, including representative jobs such as final inspector (DOT code 727.687-054), bench assembler (DOT code 706.684-042), and restaurant cashier II (DOT code 211.462-010). Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. 38).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.  DISCUSSION

On appeal to this Court, Plaintiff argues that ALJ erred at Step 5 by failing to reconcile inconsistencies between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT") as required by SSR 00-4p.

SSR 00-4p requires that where "there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." Specifically, the ALJ "will inquire, on the record, as to whether or not there is such consistency." The ALJ "must resolve this conflict before relying on the [vocational expert] evidence to support a determination or decision that the individual is or is not disabled" and must "explain in the determination or decision how he or she resolved the conflict." Fisher v. Barnhart, 181 Fed. Appx. 359, 365 (4th Cir. 2006). However, an ALJ's failure to inquire about such a conflict is not reversible error where an apparent conflict does not exist. See Welch v. Astrue, No. 11-319, 2012 WL 2681833, at *5 (W.D.N.C. July 6, 2012) (citing Justin v. Massanari, 20 Fed. Appx. 158, 160 (4th Cir. 2001) (unpublished case, finding that an ALJ is only required "to address evidence of discrepancies between a vocational expert's testimony and the [DOT]")).

5

Plaintiff argues that ALJ failed to inquire as to whether the VE's testimony was consistent with the DOT and failed to recognize or reconcile the apparent conflict between the VE's testimony and the DOT. (Doc. No. 10 at 5-6). Plaintiff contends that all the jobs cited by the VE require Language Development levels of 2 or 3, but the ALJ's RFC determination limited Plaintiff to jobs which could be performed by someone reading and writing at a first or second grade level. (Tr. 28). Plaintiff asserts that jobs with a Language Development level of 2 require the ability to write compound and complex sentences and jobs with a Language Development level of 3 require the ability to read a variety of novels, magazines, and encyclopedias. (Doc. No. 10 at 7). Plaintiff further contends that a student who read 190-215 words per minute, as is required in jobs with a Language Development level of 2, is generally considered to be at the seventh or eighth grade level. (Id.). Plaintiff asserts that ALJ neither inquired as to whether any conflicts existed between the VE's testimony, nor did ALJ attempt to resolve these conflicts or explain in the decision how such conflicts were resolved. Therefore, Plaintiff contends that the determination at Step 5 cannot stand and the matter should be remanded.

Here, the record suggest that there is no apparent conflict between the VE testimony and the DOT because Plaintiff failed to identify or inquire about any conflict at the hearing. Specifically, at the time of the hearing, Plaintiff did not identify any conflicts between the language development level requirements of the representative available jobs and Plaintiff's limitations to work requiring no more than reading and writing at a first or second grade level. (Tr. 79-83). Under SSR 00-4p, a conflict that is not identified by counsel at the ALJ hearing is not an apparent conflict. See Carey v. Apfel, 230 F.3d 131, 146-147 (5th Cir. 2000) (stating that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT,

and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing")).  At the administrative hearing, Plaintiff's counsel failed to identify or inquire about an apparent conflict between the VE testimony and the DOT despite the VE specifically discussing Plaintiff's reading and writing abilities. (Tr. 79-83).  SSR 00-4p speaks to situations where there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, but here, the conflict was not apparent, as it was not identified at the hearing.  Accordingly, this Court affirms the ALJ's decision and finds no error.

**IV.  CONCLUSION**

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **DENIED**, and
2. Defendant's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;
3. The Clerk of Court is directed to close this case.

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge

7